# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

HARDIGG INDUSTRIES, INC., )
                Plaintiff, )
                 )
v. )
                 )
CPD INDUSTRIES, INC. and )
SERGIO BRICENO )
            Defendants. )
                 )

Civil Action No. 05-30106-KPN

**COMPLAINT**
(Jury Trial Demand)

## Parties

1. Plaintiff, Hardigg Industries, Inc., is a Massachusetts corporation with a principal place of business at 147 North Main Street, South Deerfield, MA 01373. (Plaintiff is also referred to herein as "Hardigg.")

2. Defendant CPD Industries, Inc., a.k.a. Custom Packaging Design, on information and belief, is a California corporation with a principal place of business at 4665 State Street, Montclair, CA 97163. (CPD Industries, Inc. is hereinafter referred to as "CPD.")

3. Defendant Sergio Briceno is, on information and belief, Chief Financial Officer of CPD Industries, Inc. and a citizen of California, residing at 1918 Birch Bend, Chino Hills, CA 91709, to which address is registered the web site www.military-cases.net.

## Jurisdiction

4. This Court has original jurisdiction over Plaintiff's Lanham Act claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

5. At all pertinent times, the Plaintiff was a citizen of the Commonwealth of Massachusetts, and the Defendants were citizens of the State of California. The amount in controversy

exceeds $75,000. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 over the state law claims asserted herein.

6. Plaintiff's state law claims arise out of the transactions and occurrences that are the subject matter of Plaintiff's Lanham Act claims. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the state law claims asserted herein.

7. A substantial part of the events and omissions giving rise to the claims in this matter occurred in this district. Venue in this Court is therefore appropriate pursuant to 28 U.S.C. § 1391.

### **Nature of Complaint**

8. This is a suit for trademark infringement and false advertising under the Lanham Act, breach of contract, violations of the Massachusetts Consumer Protection Statute, unfair competition, trade libel, and trademark infringement under chapter 110B of the Massachusetts General Laws, resulting from Defendants' unauthorized use of Plaintiff's federally registered trademarks, HARDIGG and HARDIGG CASES (hereinafter collectively the "HARDIGG marks"). Plaintiff seeks: (1) a preliminary and permanent injunction under section 34 of the Lanham Act (15 U.S.C. §1116), chapter 110B of the Massachusetts General Laws, and Fed. R. Civ. P. 65 prohibiting Defendants' use of the HARDIGG marks in a way that infringes Plaintiff's federal and state statutory rights and state common law rights in the HARDIGG mark and causes a breach of contract; and (2) damages, including treble damages, costs, and attorneys' fees, pursuant to section 35 of the Lanham Act (15 U.S.C. § 1117) and chapter 93A of the Massachusetts General Laws.

**Facts**

Hardigg's Use and Registration of the HARDIGG and HARDIGG CASES marks

9.  Hardigg has engineered and manufactured rotationally molded plastic cases for
    commercial, industrial, and military shipping for over forty years.

10. Hardigg began using the mark HARDIGG in interstate commerce with reference to (1)
    plastic containers in 1960, (2) plastic battery cell containers in 1976, and (3) plastic pads
    and cushions for absorbing shock in 1979.

11. On June 14, 1996, Hardigg applied to the United States Patent and Trademark Office
    ("USPTO") for federal registration of its HARDIGG trademark for the uses listed in the
    preceding paragraph, which mark was registered on July 29, 1997, as U.S. Trademark
    Registration No. 2,082,614.

12. Hardigg began using the mark HARDIGG CASES in interstate commerce with reference
    to plastic cases in 1990.

13. On May 30, 2002, Hardigg applied to the USPTO for federal registration of its
    HARDIGG CASES trademark for plastic cases, which mark was registered on March 4,
    2003, as U.S. Trademark Registration No. 2,693,139.

14. Hardigg has used the trademarks HARDIGG and HARDIGG CASES continuously since
    their adoption to identify its cases and related products to the general public.

15. Since 1960, Hardigg has invested considerable resources in developing multiple lines of
    rotationally molded shipping cases under the HARDIGG name to identify its engineered
    products.

16. As a result of Hardigg's extensive use and advertising of the HARDIGG marks since
    their creation, the marks have identified the source of Hardigg's products and

distinguished them from the shipping cases of others, such that the HARDIGG mark became and continues to be a premium name and brand recognized by the consumers and dealers of shipping cases.

## CPD Business and Management

17. CPD manufactures foam used in shipping cases, manufactures shipping cases, and sells shipping cases made by other manufacturers.

18. CPD filed for incorporation in California on June 1, 1987 under the name CPD Industries.

19. The Chief Financial Officer of CPD is Sergio Briceno.

20. CPD sells shipping cases through the following web sites: www.cpd-cases.com (the "CPD web site") and www.military-cases.net (the "Military-Cases web site").

21. On information and belief, the CPD web site is registered to CPD, and CPD owns and controls the web site.

22. On information and belief, the Military-Cases web site is registered to Mr. Briceno, and Mr. Briceno owns and controls the web site.

## Hardigg and CPD's 2001 Agreement

23. On November 19, 2001, Hardigg and CPD (the "parties") entered into a dealer agreement (the "Contract"), which appointed CPD a dealer of Hardigg goods and set forth the parties' respective contractual obligations.

24. The Contract provides that upon termination "[t]he Dealer[, CPD,] shall discontinue use of all trademarks, trade names, trade secrets and other proprietary information of Hardigg" and that "[t]he obligations of the Dealer . . . shall survive any termination of this Agreement."

4

25. The Contract further provides that "[t]he Dealer[, CPD,] agrees to indemnify and hold Hardigg harmless from and against any and all claims, damages, losses and liabilities whatsoever, asserted by any person or entity, resulting directly or indirectly from any breach of this Agreement by the Dealer or any of its employees or agents. Such indemnification shall include the payment of reasonable attorney's fees and other costs incurred by Hardigg resulting from any such claim or breach."

26. The Contract was terminated.

The CPD and Military-Cases web sites

27. The CPD web site prominently displays the HARDIGG mark, adjacent to the marks of other manufacturers of shipping cases. See Fig. 1 showing a copy of a "brand menu," composed of multiple links and displayed throughout the CPD web site, including, e.g., at the following pages: www.cpd-cases.com/pelicases.htm, www.cpd-cases.com/blow-cpd.htm, www.cpd-cases.com/skbwheeled.htm, www.cpd-cases.com/cmxmatrix/atacases.htm, and www.cpd-cases.com/flatmonitor.htm.

**Figure 1**



28. Clicking on any of the brand names in the brand menu – other than "Hardigg" – links the
user to a CPD web page displaying and promoting the brand's products and provides the
opportunity to purchase the brand name goods.  See Fig. 2 ("Pelican Cases" link); Fig. 3
("Case Matrix" link), Fig. 4 ("SKB Cases" linking to www.casesbyskb.com/index.htm,
another web site owned by CPD), Fig. 5 ("DX-Cases" link), and Fig. 6 ("CP Blow
molded" link).

## Figure 2

**cpd-cases.com** ☰ AIR·AND·GROUND·TRANSPORT·CONTAINERS

# Pelican Cases for shipping and carrying



Copyright © 2001 CPD Industries

Pelican cases for shipping & carrying - order now!
1-800-882-4730

Order Now

## Figure 3

**cpd-cases.com** ☰ AIR·AND·GROUND·TRANSPORT·CONTAINERS

## ATA shipping cases by Case Matrix

Case Matrix

Lifetime Guarantee*

Heavy Duty ata shipping cases 3 days express manufacturing! choose from 700 models

Case Size **L x W**    Case **Height**    Optional Wheels    Foam Interiors available

### Figure 4



### Figure 5



## DX Tote Wheeled Cases - Color Black - Foam Filled

These polyethylene cases, with ball-bearing wheels and telescoping handle, are engineered for one person to handle heavy loads easily. Designed to protect valuable and sensitive equipment, they are strong enough to be shipped Federal Express, UPS, and even though airline baggage handling.

These cases are lightweight, yet durable for reliable convenience and long life. They feature two recessed ball-bearing rubber wheels on the bottom corners that insure maximum stability and cornering. They do not tip over like other wheeled cases or ones transported on luggage carts. A sturdy telescoping handle mounts flush to the case when not in use.

Each case is filled with layers of foam and a piece of convoluted foam for the lid. A full length heavy-duty piano hinge, two-key-locking latches plus a combination lock complete the case to insure safe transit of its contents.

Black hardware that resist corrosion. These easy-to-clean surfaces are impervious to solvents.

**Figure 6**



29. Clicking the descriptive names on the brand menu, e.g., "Flat Monitors," or "Gun Cases," similarly links the user to sales pages for the specified category of product. See, e.g., Fig. 7 showing "Gun Cases" page on the CPD web site.

**Figure 7**



30. Clicking on the HARDIGG mark links the user to the home page of the Military-Cases web site. See Fig. 8.

31. The user is likely to have a "first impression" upon clicking the HARDIGG mark that the page sells Hardigg products, in the same way that clicking on any other brand in the menu links the user to a page selling that brand's products.

32. The user's "first impression" that the Military-Cases web site sells Hardigg products is consistent with the boldest large typeface on the page: "WE SATISFY THE TOUGHEST CRITICS IN THE MARKET." See Fig. 8.

33. Hardigg products cannot be purchased at the Military-Cases web site.

**Figure 8**



34. The home page of the Military-Cases web site, linked to from the HARDIGG mark on the CPD web site, on closer reading, disparages Hardigg and promotes competitors' products instead. See Fig. 8.

35. The Military-Cases web site's home page displays the following text: "Looking for a Hardigg Case? Tired of waiting for long lead times? Paying excessive prices? Find out more about better alternatives: Shipping Cases & Military Containers by SKB, Pelican and Zero." See Fig. 8.

11

36. The Military-Cases web site also displays text promoting competitor brands under the heading "The Alternatives to Hardigg Cases," partly through comparison with Hardigg products. See Fig. 8.

CPD's Spurious Use of the HARDIGG Marks

37. Popular internet search engines use information such as the presence of a particular word in a web site's invisible metatags, the word's placement on the page, its use in link titles, and the size of its font in order to determine the appropriate ranking of a site in the search engine results page.

38. CPD uses the HARDIGG marks on the its web sites purely for the purpose of obtaining higher search result rankings in popular search engines, exploiting the renown of the Hardigg name in order to capture the interest of purchasers and potential purchasers in order to sell them non-Hardigg goods.

39. By its contractual agreement with Hardigg, CPD may not use the HARDIGG mark at all, but instead CPD uses it pervasively.

40. For example, CPD uses the HARDIGG mark within the "description" type of metatag on several pages on the Military-Cases web site, including www.military-cases.net ("Hardigg Case alternatives for carrying military, industrial, commercial, racks, computers, trade shows, airtight shipping containers"), www.military-cases.net/weapons.htm ("Hardigg weapon case alternatives M16, M4, M9, M249, military weapon cases by CPD Industries. Engineered for fast deployment and to survive the toughest tactical environments."), www.military-cases.net/table-contents.htm ("Alternative shipping cases to Hardigg Case, for applications such as: industrial, trade shows, electronics, medical, military."), and www.military-cases.net/plasma-shipping-

case.htm ("Hardigg alternatives: SKB plasma cases, military, industrial, commercial, rack, computer cases, trade shows, ata case").

41. CPD also uses the HARDIGG mark within the "title" type of metatag on several pages on the Military-Cases web site including www.military-cases.net ("Hardigg Case alternatives: SKB, Pelican, Zero – Military & Industrial Cases"), www.military-cases.net/weapons.htm ("Hardigg Weapon Case alternatives: - M16 – M4 –M9"), www.military-cases.net/table-contents.htm ("shipping case alternatives to Hardigg cases for military and industrial applications"), and www.military-cases.net/plasma-shipping-case.htm ("hardigg alternative: SKB plasma cases").

42. Within the visible text of the Military-Cases web site, CPD makes other references to the HARDIGG mark, as on www.military-cases.net/zerosinglelid.htm, where the large, bolded title reads "Zero Cases, the alternative to Hardigg." See Fig. 9.

**Figure 9**



43. CPD also uses the HARDIGG mark in a "link title" on the Military-Cases web site's home page with the following text: "Looking for Hardigg Case alternatives? Learn more about SKB, Zero and Pelican." See Fig. 10.

**Figure 10**



44. This "link title" appears when the user's mouse is positioned over the photographic images of cases on the Military-Cases web site's home page. See Fig. 10.

45. These uses are all spurious and solely designed to rank the Military-Cases web site falsely high in search engine results.

46. A search for "Hardigg cases" on the Yahoo! search engine produced a list of web sites with the Military-Cases web site ranking number two. See Fig. 11.

**Figure 11**



47. According to Yahoo!, "Web Results are the most relevant web pages found in response to your search query." SeeYahoo! Search Basics, available at http://help.yahoo.com/help/us/ysearch/basics/basics-03.html.

48. A search for "Hardigg cases" on the Lycos search engine produced a list of web sites with the Military-Cases web site ranked number three. See Fig. 12 showing Military-Cases web site third under "Web Results" and first under "Sponsored Links."

**Figure 12**



49. According to Lycos, "Lycos search results appear in order based upon relevancy." See Lycos Search Help, available at http://help.lycos.com/search/ls_q_8_1.asp.

50. The Military Cases web site would not be ranked so highly in searches for "Hardigg cases" using the Yahoo! and Lycos search engines if it did not use the Hardigg trademark in a way that "games" the search engine algorithms to make the web site appear highly relevant to purchasers seeking Hardigg goods when it is not relevant to potential purchasers at all.

51. Consumers searching for Hardigg cases for purchase are likely to be lured to the Military

   Cases web site by the falsely high search ranking, which is the result of CPD's improper

   use of the HARDIGG mark.

52. A search for "Hardigg military weapons cases tactical" on the Google search engine

   produced a list of web sites that included a page on the Military-Cases web site,

   www.military-cases.net/zerosingleid.htm, whose description on Google includes the

   following text: "M16, M4, M9, M249, military weapon cases by Hardigg. Engineered for

   fast deployment and to survive the toughest tactical environments." See Fig. 13 showing

   excerpted results 27-29 from the Google search.

53. CPD is not authorized to sell any Hardigg cases, and the statement that Hardigg cases are

   available for sale at the Military-Cases web site is false.

### Figure 13

**Hardigg Weapon Case** alternatives: - M16 - M4 - M9
**Hardigg weapon case** alternatives M16, M4, M9, M249, **military weapon** ... Engineered
for fast deployment and to survive the toughest **tactical** environments.
www.**military-cases**.net/**weapons**.htm - 26k - Cached - Similar pages

   Zero **Cases**
   M16, M4, M9, M249, **military weapon cases** by **Hardigg**. Engineered for fast deployment
   and to survive the toughest **tactical** environments.
   www.**military-cases**.net/zerosinglelid.htm - 121k - Cached - Similar pages

**Military**-Footlockers.com
... Pallet **Case Cases-Cases** provides the family of 463L pallet **cases** from **Hardigg**. ...
Individual **Tactical Weapons Case** Injection molded rolling carry **case** ...

CPD's Advertising on Google and Lycos

54. The Google "AdWords" program allows companies to buy "keywords," so that when a

   searcher enters the selected keyword in the search query box, an advertisement, or

"sponsored link," for the company buying the keyword will also appear either above or next to the non-sponsored search results.

55. On information and belief, CPD has purchased "Hardigg" as a keyword in the Google AdWords program.

56. As a result, a search for "Hardigg cases" on the Google search engine produced a result with a bolded reference to the Military-Cases web site at the top of the page, above the link to Hardigg's web page, under the Sponsored Links section with the title "Hardigg Alternatives" asking readers if they are "Looking for shipping containers?" and promoting competitors' brands with a link to the Military-Cases web site. See Fig. 14.

## Figure 14



57. Th Lycos search engine has a program similar to the Google "AdWords" program that Lycos calls "InSite."

58. On information and belief, CPD has purchased "Hardigg" as a keyword in the Lycos InSite program.

59. As a result, a search for "Hardigg cases" on the Lycos search engine produced a result with "Hardigg Alternatives" at the top of the page, first on the Sponsored Links, asking

readers if they are "Looking for shipping containers?" and promoting competitors' brands with a link to the Military-Cases web site. See Fig. 11.

60. These uses of the HARDIGG mark on the CPD web site, the Military Cases web site, and in sponsored links, are all prohibited under the terms of the Contract.

## COUNT I

### Trademark Infringement – Lanham Act § 32, 15 U.S.C. § 1114 (CPD)

61. Hardigg hereby adopts by reference and incorporates herein the allegations in paragraphs 1 through 60 of this Complaint, above.

62. CPD's use in commerce of the registered HARDIGG marks in connection with the sale, offering for sale, and advertising of shipping cases as described above causes and is likely to continue to cause confusion or mistake or to deceive.

63. CPD's use of the HARDIGG marks is without the consent of the registrant, Hardigg.

64. The above referenced activities of CPD have been willful.

65. As a direct and proximate result of CPD's infringement of the HARDIGG marks, Hardigg has suffered and will continue to suffer harm.

## COUNT II

### Trademark Infringement – Lanham Act § 43(a), 15 U.S.C. § 1125(a) (CPD)

66. Hardigg hereby adopts by reference and incorporates herein the allegations in paragraphs 1 through 65 of this Complaint, above.

67. CPD's use in commerce of the HARDIGG marks in connection with the sale, offering for sale, and advertising of shipping cases causes and is likely to continue to cause confusion or mistake or to deceive as to the affiliation, connection, or association of CPD with

Hardigg or as to the origin, sponsorship or approval of CPD's goods or services by Hardigg.

68. The above referenced activities of CPD have been willful.

69. As a direct and proximate result of CPD's infringement of the HARDIGG marks, Hardigg has suffered and will continue to suffer harm.

## COUNT III

## False Advertising – Lanham Act § 43(a), 15 U.S.C. § 1125(a) (CPD)

70. Hardigg hereby adopts by reference and incorporates herein the allegations in paragraphs 1 through 69 of this Complaint, above.

71. CPD has used and continues to use in commerce the HARDIGG marks to misrepresent the nature and qualities of Hardigg's products and services and to promote and advertise the goods of competitors for sales on its web sites.

72. The above referenced activities of CPD have been willful.

73. As a direct and proximate result of CPD's infringement of the HARDIGG marks, Hardigg has suffered and will continue to suffer harm.

## COUNT IV

## Contributory Trademark Infringement – Lanham Act §§ 37 & 43 (Sergio Briceno)

74. Hardigg hereby adopts by reference and incorporates herein the allegations in paragraphs 1 through 73 of this Complaint, above.

75. Mr. Briceno provides to CPD use of the Military-Cases web site, registered to him and in his ownership and control, with actual knowledge or constructive knowledge that CPD uses the web site to infringe the HARDIGG marks.

76. As a direct and proximate result of Mr. Briceno's infringement of the HARDIGG marks, Hardigg has suffered and will continue to suffer harm.

## COUNT V

### Trademark Infringement – Massachusetts General Laws Chapter 110B (CPD)

77. Hardigg hereby adopts by reference and incorporates herein the allegations in paragraphs 1 through 76 of this Complaint, above.

78. CPD has used and continues to use the HARDIGG marks without the consent of Hardigg, the common law owner of the marks.

79. CPD's use of the HARDIGG marks is likely to injure Hardigg's business reputation or dilute the distinctive quality of its mark.

80. The above referenced activities of CPD have been willful.

81. As a direct and proximate result of CPD's infringement of the HARDIGG marks, Hardigg has suffered and will continue to suffer harm.

## COUNT VI

### Violation of Massachusetts General Laws Chapter 93A – Trademark Infringement (CPD)

82. Hardigg hereby adopts by reference and incorporates herein the allegations in paragraphs 1 through 81 of this Complaint, above.

83. All parties are engaged in trade or commerce within the meaning of chapter 93A of the Massachusetts General Laws.

84. The conduct of CPD described above to infringe Hardigg's trademark rights constitutes unfair and deceptive acts or practices.

85. CPD's unfair and deceptive acts or practices were knowing and willful.

86. As a result of CPD's unfair and deceptive acts and practices, Hardigg has suffered and will continue to suffer harm.

## COUNT VII

### Violation of Massachusetts General Laws Chapter 93A – "Bait and Switch" Scheme (CPD)

87. Hardigg hereby adopts by reference and incorporates herein the allegations in paragraphs 1 through 86 of this Complaint, above.

88. The conduct of CPD described above constitutes a "bait and switch" scheme prohibited by the Attorney General's regulation against false advertising, 940 C.M.R. § 3.02, issued pursuant to section 2(c) of chapter 93A of the Massachusetts General Laws.

89. CPD's violation of 940 C.M.R. § 3.02 was knowing and willful.

90. As a result of CPD's "bait and switch" scheme, Hardigg has suffered and will continue to suffer harm.

## COUNT VIII

### Breach of Contract (CPD)

91. Hardigg hereby adopts by reference and incorporates herein the allegations in paragraphs 1 through 90 of this Complaint, above.

92. The parties' contract was bargained for valuable consideration.

93. Hardigg performed its obligations under the Contract.

94. CPD's continuing use of the HARDIGG marks breaches the Contract.

95. As a result of CPD's breach of contract, Hardigg has suffered and will continue to suffer harm.

b.  Enter judgment in favor of Plaintiff and award monetary damages, including, but

not limited to, actual, incidental and consequential damages, treble damages,

attorneys' fees, interests and costs.

c.  Award Plaintiff such other relief as this Court deems just, proper and equitable.

    THE PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL CLAIMS AND ISSUES
SO TRIABLE.

Respectfully submitted,
Hardigg Industries, Inc.
By Its Attorneys:

Dated: April 28, 2005

James C. Duda
  BBO No. 551207
Pamela S. Chestek
  BBO No. 647124
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA 01115
413-781-2820
Fax: 413-272-6806
e-mail: jduda@bulkley.com

§JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Hardigg Industries, Inc., 147 North Main Street, South Deerfield, MA 01373

**DEFENDANTS**

CPD Industries, Inc. and Sergio Briceno

**(b)** County of Residence of First Listed Plaintiff    Franklin
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

James C. Duda, Esq., Bulkley, Richardson and Gelinas, LLP, 1500 Main St., Suite 2700, P.O. Box 15507, Springfield, MA  01115-5507

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product |    Med. Malpractice | ☐ 625 Drug Related Seizure |    28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |    Liability | ☐ 365 Personal Injury - |    of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & |    Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
|    & Enforcement of Judgment |    Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' |    Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent |    Corrupt Organizations |
| ☐ 152 Recovery of Defaulted |    Liability |    Liability | ☐ 660 Occupational | ☒ 840 Trademark | ☐ 480 Consumer Credit |
|    Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** |    Safety/Health | | ☐ 490 Cable/Sat TV |
|    (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment |    Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
|    of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) |    Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle |    Property Damage |    Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract |    Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) |    12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal |    Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |    Injury | |    & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment |    Sentence | ☐ 791 Empl. Ret. Inc. |    or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** |    Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land |    Accommodations | ☐ 530 General | |    26 USC 7609 |    Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | |    Under Equal Access |
| |    Employment | ☐ 550 Civil Rights | | |    to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| |    Other | | | |    State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC Sec. 1051 et seq.

Brief description of cause:
Trademark infringement, unfair competition and supplemental state law claims

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ Damages and preliminary and permanent injunction

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE
28 Apr. 05

SIGNATURE OF ATTORNEY OF RECORD
James C. Duda

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) <u>Hardigg Industries, Inc. v. CPD Industries, Inc.</u>

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

|   | | |
|---|---|---|
| [ ] | I. | 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT. |
| [x] | II. | 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950. |
| [ ] | III. | 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891. |
| [ ] | IV. | 220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900. |
| [ ] | V. | 150, 152, 153. |

*Also complete AO 120 or AO 121
for patent, trademark or copyright cases

3. Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
YES [ ]     NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)
YES [ ]     NO [x]

If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
YES [ ]     NO [x]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
YES [ ]     NO [x]

7. Do <u>all</u> of the parties  in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"),  residing in Massachusetts reside in the same division? -  (See Local Rule 40.1(d)).
YES [x]     NO [ ]

A.     If yes, in which division do <u>all</u> of the non-governmental parties reside?
Eastern Division [ ]          Central Division [ ]          Western Division [x]

B.     If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
Eastern Division [ ]          Central Division [ ]          Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
YES [ ]     NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME ____ James C. Duda, Esq., Bulkley, Richardson and Gelinas, LLP
ADDRESS ___ 1500 Main Street, Suite 2700, Springfield, MA   01115
TELEPHONE NO. ___ (413) 781-2820

(CategoryForm.wpd - 2/15/05)

## COUNT IX

### Unfair Competition – Massachusetts Common Law (CPD)

96. Hardigg hereby adopts by reference and incorporates herein the allegations in paragraphs 1 through 95 of this Complaint, above.

97. The conduct of CPD described above constitutes unfair competition, by inducing Hardigg customers and potential Hardigg customers to make purchases from CPD through consumer confusion or deception.

98. As a result of CPD's unfair competition, Hardigg has suffered and will continue to suffer harm.

## COUNT X

### Trade Libel (CPD and Sergio Briceno)

99. Hardigg hereby adopts by reference and incorporates herein the allegations in paragraphs 1 through 98 of this Complaint, above.

100. The content of the Military-Cases web site defames Hardigg in its business and injures Hardigg's good will.

101. As a result of CPD and Mr. Briceno's trade libel, Hardigg has suffered and will continue to suffer harm.

WHEREFORE, Plaintiff prays that judgment be entered against CPD and Mr. Briceno as follows:

      a. Enter judgment in favor of Plaintiff and order preliminary and permanent injunctive relief to preclude Defendants from using the HARDIGG marks or any marks that are likely to cause confusion, or to cause mistake, or to deceive.

24